**FILED**
**Aug 27, 2021**
**01:58 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | | |
|---|---|---|
| **JEFFREY MOORE** | ) | **Docket No.: 2020-05-1028** |
| **Employee,** | ) | |
| **v.** | ) | |
| | ) | |
| **TRANSFORCE, INC.,** | ) | **State File No.: 63686-2020** |
| **Employer,** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **ACE AMERICAN INS. CO.,** | ) | **Judge Dale Tipps** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This case came before the Court on August 24, 2021, for an Expedited Hearing on whether Mr. Moore is entitled to additional temporary disability benefits.[1] For the reasons below, the Court holds that Mr. Moore is likely to prevail at a hearing on the merits that he is entitled to some of the requested benefits.

### History of Claim[2]

Mr. Moore injured his left shoulder while working for Transforce on September 24, 2020. After conservative treatment, the initial provider referred Mr. Moore to an orthopedic specialist, and he selected Dr. Sean Kaminsky from a panel of physicians.

After performing surgery on December 23, Dr. Kaminski ordered physical therapy and assigned restrictions. As a result of the restrictions, Transforce began temporary disability benefits.

---

[1] Although the Dispute Certification Notice listed medical benefits as an issue, Mr. Moore stated during the hearing that he only sought temporary disability benefits.

[2] Parts of the History are taken from Transforce's First Requests for Admission of Facts, which the Court deemed admitted on Transforce's motion.

Mr. Moore reported continuing problems with his shoulder and asked Dr. Kaminski to order an MRI. Dr. Kaminski agreed, and the MRI was done on March 31, 2021.

Mr. Moore's appointment to discuss his MRI results was scheduled for April 8. He missed the appointment because of car trouble but called the doctor's office to let them know he could not make it and tried to reschedule. Dr. Kaminski's note for that date states that Mr. Moore was a "no-show." He prescribed additional therapy and assigned temporary restrictions of limiting overhead work and lifting no more than five pounds.

Because Mr. Moore missed the appointment, Transforce suspended his temporary total disability benefits beginning on April 8. On April 15, it offered him light-duty work within his restrictions, to begin on April 23. Mr. Moore notified Transforce on April 22 that he would not accept the work assignment while his Petition for Benefit Determination was pending. He also refused to return to Dr. Kaminski and never restarted the physical therapy.

On April 29, Dr. Kaminski noted that Mr. Moore failed to appear for another appointment. He continued:

> The patient has been noncompliant with his treatment. His postoperative MRI demonstrated an intact repair following arthroscopic surgery. He has refused to allow any further evaluation of his shoulder or any clinical assessment. Due to his noncompliance we have therefore released him from our care. No restrictions are to be placed and he is at maximum medical improvement. Follow up prn.

Mr. Moore began working for another employer in late June or early July but resigned after about a month and is currently unemployed. He continues to treat for his shoulder injury with his doctors at the Veterans Administration.

Mr. Moore seeks temporary disability benefits from the date they were terminated through the date he began working for his later employer. He contended that it was improper for Dr. Kaminski to release him to light duty on April 8 because the doctor did not examine or interview him that day. He objected to the doctor's later finding of maximum medical improvement for the same reason, which is why he now refuses to return to Dr. Kaminski.

Transforce contended that Mr. Moore is not entitled to any additional temporary disability benefits. It argued that benefits were properly suspended because of his noncompliance with his medical treatment and the suspension remains in place because of his continued refusal to see Dr. Kaminski. Transforce also maintained that Mr. Moore is not entitled to additional benefits because he refused its offer of light-duty work. Finally,

it argued that Mr. Moore's right to temporary disability benefits was terminated by Dr. Kaminski's finding that he had reached maximum medical improvement.

**Findings of Fact and Conclusions of Law**

Mr. Moore must provide sufficient evidence from which the Court might determine he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). To receive temporary total disability benefits, he must prove (1) he became disabled from working due to a compensable injury; (2) a causal connection between his injury and her inability to work; and (3) his period of disability. For temporary partial disability benefits, Mr. Moore must show that his treating physician returned him to work with restrictions that Transforce either could not or would not accommodate. *See Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7, 8 (Dec. 11, 2015).

Beginning with the first category of benefits, Mr. Moore offered no medical opinion that he was totally disabled by his work injury during the period he seeks benefits. As a result, he does not appear likely to prove entitlement to temporary total disability benefits.

As to temporary partial disability, the only medical proof of temporary disability is Dr. Kaminski's April 8 restrictions, which he later lifted on April 29. Thus, this is the only period of potential benefits. However, Transforce offered light-duty work, which Mr. Moore declined on April 22. Therefore, he appears likely to prove entitlement to temporary partial disability benefits from April 8 through April 22.

Transforce's argument that Mr. Moore was not entitled to benefits for this period because of noncompliance is unconvincing. Tennessee Code Annotated section 50-6-204(d)(8) provides, "[i]f the injured employee refuses to . . . accept the medical . . . services that the employer is required to furnish under this chapter, the injured employee's right to compensation shall be suspended and no compensation shall be due and payable while the injured employee continues to refuse." In this case, however, the Court has no evidence that Mr. Moore refused to accept medical services on April 8. Instead, he had car trouble, notified Dr. Kaminski's office of the problem, and asked to reschedule. Without more, this does not constitute a refusal to accept medical benefits or noncompliance.[3]

Regarding Mr. Moore's claim for temporary partial disability benefits after April 22, the date he declined the work offer, the question is whether the circumstances justified his refusal to return to work in a restricted-duty position. *See Hardin v. Royal &*

---

[3] Mr. Moore's later refusal to return to Dr. Kaminski is another matter entirely. If his right to temporary disability benefits after April 22 were not barred for other reasons, this refusal to accept medical treatment would be sufficient to support suspension of those benefits.

*Sunalliance Ins.,* 104 S.W.3d 501, 505 (Tenn. 2003). Mr. Moore presented no evidence that the proffered work exceeded his restrictions or was otherwise unsuitable.[4] Therefore, he is unlikely to prove that he reasonably declined the offer.

Mr. Moore's entitlement to temporary partial disability benefits after April 29 is further precluded by Dr. Kaminski's note of that date lifting all restrictions. Because Mr. Moore presented no countervailing medical opinion, the Court cannot find he is likely to prove entitlement to any additional temporary disability benefits.[5]

For these reasons, the Court finds Mr. Moore is entitled to temporary partial disability benefits from April 8 through April 22, a total of fifteen days. At his compensation rate of $358.47, fifteen days of benefits is $768.15.

Finally, as noted above, Transforce suspended Mr. Moore's benefits on the day he missed a doctor's appointment. It presented no evidence of any pattern of noncompliance or questions about Mr. Moore's explanation of car trouble. While Mr. Moore's later actions exacerbated matters, the suspension of benefits was the instigating event that led to this avoidable dispute. Because Transforce's action was premature and unreasonable, it constitutes an improper denial of benefits. Therefore, the Court refers this case to the Compliance Program for investigation and potential penalty assessment. Upon its issuance, a copy of this Order will be sent to the Compliance Program. *See* Tenn. Comp. R. & Regs. 0800-02-24-.03.

**IT IS, THEREFORE, ORDERED** as follows:

1. Transforce shall pay Mr. Moore temporary partial disability benefits in the amount of $768.15.

2. This case is set for a Scheduling Hearing on **October 20, 2021, at 9:00 a.m.** The parties must call toll-free at 855-874-0473 to participate. Failure to call might result in a determination of the issues without your further participation. All conferences are set using Central Time.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this

---

[4] The fact that he had filed a Petition for Benefit Determination or that he disagreed with Dr. Kaminski's conclusion is not relevant.

[5] The Court recognizes Mr. Moore's dissatisfaction with Dr. Kaminski's evaluation and conclusion. However, he presented no medical proof in support of his argument that the doctor's opinions should be disregarded, and the Court is not qualified to substitute its judgment for that of the authorized treating physician.

Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED August 27, 2021.**

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Mr. Moore's Rule 72 Declaration
2. Concentra Records
3. Dr. Kaminsky's Records
4. Emails between Mr. Moore and Transforce/ESIS
5. Wage Statement
6. Transcription of medical appointment recording (Identification Only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Transforce's Response to Petition for Benefit Determination

**CERTIFICATE OF SERVICE**

I certify that a copy of the Expedited Hearing Order was sent as indicated on August 27, 2021.

| Name | Certified Mail | Via Email | Service sent to: |
|------|------|------|------|
| Jeffrey Moore | | X | siegfried.123@live.com |
| Stephanie Rockwell, Employer's attorney | | X | stephanie@speed-seta.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1.  Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2.  You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3.  You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4.  If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____       ☐ Motion Order filed on _____

☐ Compensation Order filed on_____       ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____

*[Signature of appellant or attorney for appellant]*